**SEALED**

# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| V. | |
| BRENT A. SWALLERS | CASE NUMBER: 1:16-mj-507 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

<u>Count 1</u>:  On or about March 21, 2016, in the Southern District of Indiana, defendant Brent A. Swallers filed and attempted to file in the Marion County Recorder's Office, a public record, a false lien and encumbrance against the real and personal property of a federal district judge, an officer and employee of the United States Government described in 18 U.S.C. § 1114, on account of the performance of official duties by that individual, knowing and having reason to know that such lien and encumbrance was false and contained materially false, fictitious, and fraudulent statements and representations, in violation of Title 18, United States Code, Section 1521

<u>Count 2</u>:  On or about September 22, 2015, in the Southern District of Indiana, defendant Brent A. Swallers, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm and ammunition, including, a semi-automatic handgun, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
Thomas J. Arvin, Task Force Officer
Federal Bureau of Investigation

**Sworn to before me, and subscribed in my presence**

July 21, 2016                          at   Indianapolis, Indiana
**Date**

_____          _____
Tim A. Baker, U.S. Magistrate Judge
**Name and Title of Judicial Officer**         **Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF APPLICATION

Your Affiant, Thomas J. Arvin, being duly sworn, hereby deposes and states:

## AFFIANT

1.   Your Affiant is a Detective with the Indiana State Police, currently assigned as a Task Force Officer with the Joint Terrorism Task Force with the Federal Bureau of Investigation ("FBI"). I have been a Task Force Officer with the FBI for the past ten years. I am a Law Enforcement Officer of the Indiana State Police and I am empowered to conduct investigations, execute warrants, and to make arrests for offenses committed against the United States including, but not limited to, violations of Title 18 United States Code §§ 922(g)(1) and 1521.

2.   This affidavit is submitted in support of a criminal complaint alleging that Brent A. Swallers, date of birth XX/XX/1987, SSN: \*\*\*-\*\*-2636, Indiana DL # \*\*\*\*\*39759 last known address 539 South Auburn Street, Indianapolis, Indiana, committed violations of federal law, including unlawfully possessing firearms in violation of Title 18, United States Code, Section 922(g)(1) and filing false liens and encumbrances in violation of Title 18, United States Code, Section 1521.

3.   Title 18 United States Code § 1521 provides, in pertinent part,

> [w]hoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

4.   Title 18, United States Code, § 922(g)(1) prohibits the possession of any firearm or ammunition by a person previously convicted of any crime punishable by a term of

1

imprisonment exceeding one year.

5. Your Affiant has participated in the investigation of the offenses described within this affidavit. The statements contained in this affidavit are based on information provided by, and conversations held with other Task Force Officers, Special Agents, and employees of the FBI; along with employees of the Indiana Department of Child Services ("DCS"), the Marion County Sheriff's Department, Indianapolis Metropolitan Police Department ("IMPD"), and on your Affiant's experience and background as a Task Force Officer for the FBI. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter known to the FBI and/or the other agents assisting in this investigation.

6. In my capacity as a Task Force Officer with the Federal Bureau of Investigation, I am participating in an investigation into the activities of Brent A. Swallers ("Swallers"). Based on information developed during this investigation and as set forth in detail below, there is probable cause to believe that Swallers has violated Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 1521 (Filing of False Liens or Encumbrances).

## SUMMARY OF INVESTIGATION

7. On October 5, 2015, Swallers filed a petition for writ of habeas corpus in U.S. District Court, Southern District of Indiana, under Cause No. 1:15-cv-1560-TWP-MJD. In that action, Swallers, the father of A.S., a minor, filed a next friend petition for writ of habeas corpus on behalf of A.S. after certain events occurred in a proceeding docketed as No. 49D091509-JC-2845 in the Juvenile Division of the Marion Superior Court. Swallers did so without counsel, however, leading to the next friend petition for writ of habeas corpus on behalf of A.S. being dismissed without prejudice. Mr. Swallers was given a period of time in which to revive the next friend claim on

behalf of A.S. by securing counsel to represent him, but he failed to do so and that claim was dismissed without prejudice. The claim for habeas corpus relief brought by Swallers himself was dismissed for lack of jurisdiction because he failed to satisfy the "in custody" requirement necessary to any habeas claim. Final judgment was entered in Cause No. 1:15-cv-1560-TWP-MJD on the U.S. District Court clerk's docket on December 23, 2015.

8. On or about December 29, 2015, Swallers filed a document entitled "Petition for Return of Property under State Capture" on the miscellaneous docket of the U.S. District Court, Southern District of Indiana.

9. On December 29, 2015, U.S. District Judge William T. Lawrence entered an order noting that:

> Mr. Swallers has a penchant for submitting matters to the Clerk's Miscellaneous Docket which belong on the Clerk's Civil Docket. His penchant, however, does not supersede the proper procedure for filing a lawsuit. In this instance, therefore, the Petition for Return of Property under State Capture qualifies as a "complaint" under the Federal Rules of Civil Procedure and shall be treated as such, consistent with the following: 1. A new civil action shall be opened in the Indianapolis Division based on the petition filed on December 21, 2015. 2. The nature of suit of the newly opened action shall be 440 and the cause of action of the newly opened action shall by 42:1983. 3. The assignment of judicial officers to the newly opened action shall be by random draw. 4. The petition filed in this matter shall be re-docketed as the complaint in the newly opened action. The parties to the newly-opened action shall remain as shown in the caption of this Entry. The re-docketing of the petition in the newly-opened action shall not be noted to be a pending motion

10. Based on Judge Lawrence's Order, the U.S. District Clerk re-docketed Swallers December 29, 2015, pleading as a "complaint" and assigned the matter to the Hon. Jane Magnus Stinson under Cause No. 1:15-cv-2070-JMS-TAB.

11. In an Entry dated January 21, 2016, Judge Magnus Stinson found "[t]here is no discernible

reason why the disposition of the prior habeas action [1:15-cv-1560-TWP-MJD ] should not control the disposition of the present action." The Court gave Swallers a period of time in which to show cause why Cause No. 1:15-cv-2070-JMS-TAB should not be dismissed without prejudice for the same reasons as compelled that disposition of No. 1:15-cv- 1560-TWP-MJD.

12. Swallers responded to the Court's Order to Show Cause with an "amended complaint" and other materials filed on February 10, 2016.

13. On February 11, 2016, Judge Magnus Stinson entered an Order in Cause No. 1:15-cv-2070-JMS-TAB, finding that the supplemental materials filed by Swallers did not demonstrate any principled difference between that case and the one considered in Cause No. 1:15-cv-1560-TWP-MJD. Accordingly, the Court dismissed Cause No. 1:15-cv-2070-JMS-TAB, without prejudice, for the same reasons dictated in the dismissal of Cause No. 1:15-cv-1560-TWP-MJD.

14. Thereafter, on February 16, 2016, Swallers filed five (5) additional entries on the docket of Cause No. 1:15-cv-2070-JMS-TAB, apparently seeking a review of Judge Magnus Stinson's entry of Final Judgment in that matter.

15. On February 23, 2016, Judge Magnus Stinson entered an Order Denying Relief Sought in Post-Judgment Filings of February 16, 2016.

16. On February 29, 2016, Swallers filed three more documents in Cause No. 1:15-cv-2070-JMS-TAB, including one entitled Summary Ruling in Direct Contempt. That document referred to Judge Magnus Stinson as an "inferior court", and purported to hold her in "contempt of the authority of the Constitutional Court for the violation committed against the Constitutional Court on February 23, 2016." *See*, 1:15-cv-2070-JMS-TAB (Docket No. 24).

17. On March 11, 2016, Judge Magnus Stinson once again entered an Order Denying Relief

Sought in Post-Judgment Filings of February 29, 2016, in 1:15-cv-2070-JMS-TAB.

18. Undeterred, Swallers continued filing documents in that Cause Number, resulting in additional entries from Judge Magnus Stinson on March 15, 23, 31 and April 20, 2016. In each entry, all relief sought by Swallers was denied for the reasons set forth in those orders. *See*, 1:15-cv-2070-JMS-TAB (Docket Nos. 29, 37, 42, & 56).

19. On March 21, 2016, Swallers filed a Common Law Lien with the Marion County (Indiana) Recorder against a total of 36 individuals, five of whom are Judges of the U.S. District Court, Southern District of Indiana, including: Hon. William T. Lawrence, Judge; Hon. Sarah Evans Barker, Senior Judge; Hon. Tanya Walton Pratt, Judge; Hon. Jane Magnus Stinson, Judge; and Hon. Larry J. McKinney, Senior Judge.

20. The lien Swallers filed stated, in pertinent part: "this Common Law Lien [in the amount of $10,000,000] is dischargeable (sic) only by Claimant, or by a Common Law Jury in a Court of Common Law and according to the rules of Common Law. And it is not dischargeable (sic) by statutes' namely Indiana code-Chapter 13: Common Law Liens."

21. The same address was used in the Common Law Lien for all five federal Judges: 46 East Ohio Street, Indianapolis, Indiana. I know from my training and experience that 46 East Ohio Street, Indianapolis, Indiana, is the address of the Birch Bayh Federal Building and United States Courthouse in Indianapolis, Indiana.

22. On March 29, 2016, Swallers filed an identical "lien" against the same thirty six individuals, including the same five federal judges, in U.S. District Court, Southern District of Indiana, under Cause No. 1:16-cv-0324-JMS-MJD.

23. On April 11, 2016, Judge Magnus-Stinson filed an Order in Cause # 1:16-cv-00324-JMS-

5

MJD, Ordering Swallers to show cause why he should not be made a restricted filer.

24. In April of 2016, the Indianapolis Division of the FBI was made aware of Swallers' attempt to file fraudulent liens against the five federal judges listed above. The FBI was provided with a 20 page compilation of dispositive rulings made by the five federal judges specifically named in Swallers' "lien". The compilation indicates that each of the judges names in the "lien" had previously ruled against Swallers in a matter filed in U.S. District Court, Southern District of Indiana, prior to being named in the retaliatory liens filed by Swallers on March 21 and 29, 2016.

25. In April of 2016, Swallers also "served" a letter on Indiana Governor Mike Pence at the Indiana State Capitol Building, as Governor Pence was walking through the building. The letter, which was not in an envelope, was addressed to "Michael R. Pence; a man;" and summoned him to appear in court at 2451 North Keystone Ave, room # 7, at 4:15 pm on Thursday, April 21, 2016.

26. During the course of this investigation, the FBI interviewed Toni Persinger, Marion County Recorder's Office, at her place of employment, 200 East Washington Street, 7th Floor, Room 741, Indianapolis. Persinger was one of two Recorder's Office staff members that assisted Swallers in the filing of a Common Law Lien. Persinger advised that she remembered Swallers coming in to the Marion County Recorder's Office and filing a Common Law Lien. Persinger went on to say that she is a Clerical Supervisor and that Melanie Carey had started to work on filing the lien when she became confused and asked Persinger for help. Persinger added that she remembered the person that had filed the Common Law Lien and felt that she would pick him out of several photos. Persinger was shown a lineup including six Indiana Bureau of Motor Vehicles (BMV) driver's

license photos. Persinger was able to identify Swallers, as the person that had filed the Common Law Lien on March 21, 2016.

27.     Melanie Carey of the Marion County Recorder's Office, was also interviewed by the FBI at her place of employment, 200 East Washington Street, 7th Floor, Room 741, Indianapolis. Carey advised that she remembered Swallers coming in to the Marion County Recorder's Office and filing a Common Law Lien and that she was the first one that tried to assist him. Carey further stated that she remembered the person that had filed the Common Law Lien and felt that she would pick him out of several photos. Carey was shown a lineup including six Indiana Bureau of Motor Vehicles (BMV) driver's license photos. Carey was able to identify Swallers as the person that had filed the Common Law Lien on March 21, 2016.

28.     Many of the documents Swallers has filed with the U.S. District Court appear to be typewritten and computer generated.

29.     During the course of this investigation, the FBI learned that Swallers was using Facebook to communicate with other people, via the internet, about filing retaliatory liens against public officials.

30.     Some of the posts observed by investigators on Swallers' FaceBook page include Swallers exchanging information with other FaceBook users about where on the internet to obtain document templates for retaliatory liens, and Swallers sharing his own templates with other FaceBook users.

31.     The FBI subsequently determined that Swallers was using an IP address of 2601:807:8002:dcd0:d42d:b8b9:ebf2:52bd. to connect to FaceBook via the internet.

32. Using open source ARIN (American Registry for Internet Numbers), and then utilizing WHOIS-RWS, it was determined that the IP address Swallers was using to connect to Facebook is registered to Comcast IP Services, L.L.C., headquartered in Mount Laurel, NJ.

33. The FBI subsequently determined from Comcast that the Comcast subscriber using IP address 2601:807:8002:dcd0:d42d:b8b9:ebf2:52bd was Dan Swallers, with an address of 541 South Auburn Street, Indianapolis. The FBI also determined that account had been active since November of 2015.

34. Further investigation by the FBI revealed that Dan Swallers is Swallers' father and lives in the residence immediately to the southeast of Swallers. Based on the close familial relationship between Dan and Brent Swallers, as well as the close proximity between the 541 South Auburn and the 539 South Auburn residences, it is believed that Dan Swallers provides internet service to his son, Brent, either directly or through a wireless internet connection.

35. On July 11, 2016, Swallers filed a "Notice" with the Marion County Circuit Clerk in which he purported to give "Notice" to Marion County Sheriff John Layton and IMPD Chief Troy Riggs of his intent to employ "self-help" to remedy his legal situation. The form is typewritten and appears to be computer generated.

36. On July 11, 2016, Swallers filed what appears to be a demand letter with the Marion County Circuit Clerk in which he seeks to "settle" the custody matter regarding A.S. and seeks the return of A.S., to his custody at 539 South Auburn Street, Indianapolis, by the Department of Child Services.

37. On July 14, 2016, Your Affiant applied for and received a federal warrant to search Swallers' residence, specifically the property and premises located at 539 South Auburn Street, Indianapolis, for evidence of certain violations of federal law, including 18 U.S.C. § 1521.

8

38. On July 18, Your Affiant and other law enforcement officers went to Swallers' residence in order to serve the federal search warrant. Your Affiant and other law enforcement officers could observe movement inside the residence, but the doors to the residence were locked and Swallers refused to answer or open the door. Contact was subsequently made with Swallers' father, who lives next door to the 539 South Auburn Street residence. Swallers' father advised Your Affiant that Swallers was inside the residence 539 South Auburn Street. Swallers' father further advised Your Affiant that Swallers was armed and would shoot any law enforcement officer who forced entry into that residence.

39. Your Affiant has conferred with IMPD officers who are familiar with Swallers. Those IMPD officers advised Your Affiant that on or about September 22, 2015, IMPD assisted officials with DCS in conducting a child welfare check on at the 539 South Auburn Street residence. On that occasion, when Swallers did not answer the door IMPD ultimately made entry into the residence through a window. Once inside the residence, IMPD officers discovered that Swallers possessed multiple firearms in the residence, including a rifle with an attached scope, a handgun, and a shotgun which Swallers kept next to the front door. IMPD and DCS also discovered a "trap door" to a crawl space in the rear of the residence that appeared to have been used as a location to hide. Ultimately, IMPD and DCS determined that Swallers was not home when they visited the residence on September 22, 2015. Additionally, based on Your Affiant's conversations with relevant IMPD officers, it is believed IMPD did not seize any of the firearms from Swallers' residence on September 22, 2015, because his possession of such firearms did not violate Indiana law.

40. Your Affiant has reviewed records of the Marion County Superior Court and determined that on or about January 13, 2012, Swallers was convicted of Operating While Intoxicated (D

9

felony). According to the court's file, that conviction has not subsequently been reduced and remains a felony.

41. Your Affiant is aware, through his training, experience, and conversations with other law enforcement officials, that there are no commercial firearms manufacturers in the state of Indiana. Therefore, any commercially manufactured firearm in Swallers' possession on September 22, 2015, would have traveled in interstates and/or foreign commerce prior to Swallers' possession of those items.

## CONCLUSION

42. Based on the foregoing, Your Affiant has probable cause to believe that Brent A. Swallers has violated various provisions of federal law, including Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 1521 (filing false liens and encumbrances).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Thomas Arvin, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this 21st day of July 2016

_____
Honorable Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

10